**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------- x
ANNETTE LOIS WASHINGTON, BASIL CLIFTON :
WASHINGTON,
                                          :

                Plaintiffs,        :

                                  :          3:26-CV-00234 (SFR)
      v.                       :

STATE OF CONNECTICUT, ET AL.,    :

                                  :
               Defendants.    x
----------------------------------------------------------------

**MEMORANDUM & ORDER**

Plaintiffs Annette and Basil Washington ("the Washingtons") bring this civil action, which they have also styled as a "removal" of several foreclosure and eviction actions from state court, against dozens of Defendants. For the reasons below, I conclude that the cases were never actually removed from state court. In the alternative, even had the cases been removed, removal would be improper and the matters remanded to state court.

I.    **BACKGROUND**

On February 18, 2026, the Washingtons filed a nearly 600-page Complaint in this action, including a 107-page affidavit and 461 pages of exhibits, against nearly 70 named Defendants and 100 John Doe Defendants. They list a dozen counts in the Complaint, which in the aggregate allege that the state of Connecticut, various judges, the Housing, Appellate, and Supreme Courts of the state of Connecticut, a number of lawyers and law firms, the Federal Home Loan Mortgage Corporation, the Town of Manchester, and others conspired to violate the Washingtons' rights in several eviction and foreclosure proceedings.

1

On February 20, 2026, the Washingtons filed a document titled "Notice of Removal" in this case, ECF No. 4, purporting to remove three foreclosure and summary process actions from state court on the basis of federal question jurisdiction. *See Nationstar Mortg. LLC v. Washington*, No. HHD-CV17-6076206-S (Conn. Super. Ct. Feb. 20, 2026); *Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035877-S (Conn. Super. Ct. Feb. 20, 2026); *Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035878-S (Conn. Super. Ct. Feb. 20, 2026). On the same day, the Washingtons filed in each of those three state court cases pending in Superior Court a document titled "Notice of Removal to United States District Court."[1] The Washingtons also filed similar notices in matters that appear to be pending in the Connecticut Appellate Court and the Connecticut Supreme Court. *See Fed. Home Loan Mortg. Corp. v. Washington*, AC 49418 (Conn. App. Ct. Feb. 20, 2026); *Nationstar Mortg., LLC v. Washington et al.*, Mot SC 250166 (Conn. Feb. 20, 2026).

The "Notice of Removal" filed by the Washingtons in the present case also purported to remove two other housing actions from state court, which do not appear on the state court website, and any subsequent appeals in all five cases. *See* ECF No. 4, at 4 (purporting to remove "the prior docketed matters of HFH-CV22-6021815-S and HFH-CV22-6021816-S and the resulting Appellate Matters brought before the Appellate and Supreme Courts of Connecticut.").

---

[1] I can take judicial notice of filings in state court actions. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citations and internal quotation marks omitted).

The Federal Home Loan Mortgage Corporation, the plaintiff in the foreclosure action, filed a Motion to Remand to State Court on February 25, 2026. *See* ECF No. 11. The Washingtons responded with an Objection, ECF No. 17, and a Motion to Strike the Motion for Remand, ECF No. 28. The Washingtons have also filed a number of other motions and documents that are not relevant to the present ruling. *See* ECF Nos. 12-16; 18; 20-24; 26-31.

At the outset, I note that "[p]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)).

## II.   **DISCUSSION**

Although the Washingtons informed the state court in their foreclosure and eviction actions that those cases had been removed to federal court, the "Notice of Removal" in this case was not proper and did not actually operate to remove those cases to this Court.

As an initial matter, this action was initiated by a Complaint, ECF No. 1, accompanied by a filing fee, in which Plaintiffs Annette and Basil Washington accuse numerous individual and organizational defendants of committing a variety of allegedly illegal and improper activities. This action is therefore filed as a civil action.

A notice of removal requires a "short and plain statement of the grounds for removal" and generally must be accompanied by "a copy of all process, pleadings, and orders served upon [the] defendant or defendants" in the state court action. 28 U.S.C. § 1446(a). In a removal case, a state-court defendant seeking removal does not become the plaintiff in the federal case. Moreover, such defendants may not unilaterally add dozens of additional parties or combine

multiple state court cases into a single removed case in federal court—as the Washingtons purport to do.

The Court was informed by the Clerk's Office that the Clerk explained to the Washingtons before they filed their "Notice of Removal" that removal of an action from state court requires the opening of a new matter in federal court and the payment of a filing fee. *See* 28 U.S.C. § 1914. Nevertheless, the Washingtons informed the Clerk that they wished for their "Notice of Removal" to be docketed in the present case.

Under these circumstances, I conclude that the Washingtons have not initiated a proper removal of the various state court cases pursuant to 28 U.S.C. § 1446. The Washingtons did not pay the required filing fees to remove multiple actions to federal court and have named numerous individuals in the "Notice of Removal" that are not parties to the state court actions. Given these circumstances, I conclude that no state court actions have actually been removed by the Washingtons to federal court.

Moreover, even if the Washingtons had paid the relevant filing fees and removed the state court actions to this Court, remand of the actions would be required. First, 28 U.S.C. § 1446(b) requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the [state court] defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of summons upon the [state court] defendant, whichever period is shorter" in the state court action. 28 U.S.C. § 1446(b).

The "Notice of Removal" was filed in the present case on February 20, 2026. The Washingtons were served in the state foreclosure case on February 28, 2017, many years before they filed the "Notice of Removal." *See Nationstar Mortg. LLC v. Washington*, No.

4

HHD-CV17-6076206-S (Conn. Super. Ct. Mar. 8, 2017) (return of service). The Washingtons were served in the summary process cases on September 14, 2025 and September 24, 2025, approximately six months prior to the purported removal in this case. *See Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035877-S (Conn. Super. Ct. Oct. 3, 2025) (return of service); *Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035878-S (Conn. Super. Ct. Oct. 3, 2025) (return of service). The "Notice of Removal" was thus untimely as to all three pending state court actions.

Additionally, the Washingtons claim federal question jurisdiction as the basis for removal. Federal question removal "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint and cannot be triggered on the basis of a federal defense." *See State by Tong v. Exxon Mobil Corp.,* 83 F.4th 122, 132 (2d Cir. 2023) (internal quotation marks and citation omitted). Here, the underlying state court complaints are foreclosure and summary process cases, and the only federal questions raised relate to the Washingtons' own Complaint in this civil action. In addition, the Washingtons, who are defendants in the state actions, are citizens of Connecticut and therefore, pursuant to 28 U.S.C. § 1441(b)(2), may not remove based solely on diversity jurisdiction. Thus, these actions may not proceed in federal court.

## III.  **CONCLUSION**

For the foregoing reasons, the Washingtons' "Notice of Removal," filed in a civil action that they had previously initiated in this Court, did not actually remove any state court actions to this Court. In the alternative, even had the state court actions been removed, this Court would remand the actions to state court.

As noted above, the Washingtons have filed a "Notice of Removal to United States District Court" in three pending cases in Connecticut Superior Court and in two pending matters in the Connecticut Appellate and Supreme Courts. *See Nationstar Mortg. LLC v. Washington*, No. HHD-CV17-6076206-S (Conn. Super. Ct. Feb. 20, 2026); *Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035877-S (Conn. Super. Ct. Feb. 20, 2026); *Fed. Home Loan Mortg. Corp. v. Washington*, HFH-CV25-6035878-S (Conn. Super. Ct. Feb. 20, 2026); *Fed. Home Loan Mortg. Corp. v. Washington*, AC 49418 (Conn. App. Ct. Feb. 20, 2026); *Nationstar Mortg., LLC v. Washington et al.*, Mot SC 250166 (Conn. Feb. 20, 2026). This Order shall provide notice to the state courts that these cases were not properly removed to federal court.

The Clerk of Court is hereby ordered to send a copy of this Order to the Connecticut Superior Court, Hartford Housing Session, the Connecticut Appellate Court, and the Connecticut Supreme Court.

**SO ORDERED.**

New Haven, Connecticut
June 17, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge